# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JESSE PESTA,
    Petitioner,

vs.

ERNIE MOORE, WARDEN,
    Respondent.

Civil Action No. 1:09-cv-042

Dlott, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case through counsel seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on respondent's motion to dismiss for lack of exhaustion (Doc. 7), to which petitioner has not responded.

## Procedural Background

Petitioner was convicted on three counts of attempted aggravated murder of his pregnant ex-wife and his two-year-old daughter. On January 19, 2006, petitioner was sentenced to seven years imprisonment on each count to run consecutively for an aggregate prison term of 21 years. *See State v. Pesta*, No. CA2006-02-004, 2007 WL 1394641 (12th Dist. Ohio App. May 14, 2007).

Petitioner, through counsel, filed a timely notice of appeal in the Twelfth Appellate District, Ohio Court of Appeals. The Court of Appeals overruled all but one of petitioner's assignments of error, reversed petitioner's sentence, and remanded for resentencing under *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). *Id.*, 2007 WL 1394641, at *7-8.

On October 24, 2007, the Ohio Supreme Court declined jurisdiction to hear petitioner's appeal. *State v. Pesta*, 115 Ohio St.3d 1441, 875 N.E.2d 102 (2007).

Meanwhile, the trial judge granted a continuance of the scheduled resentencing hearing set for July 9, 2007 pending a final decision by the Ohio Supreme Court on petitioner's appeal. (Doc. 7, Exhs. 1, 2). The parties were advised to notify the trial court when a final decision was reached by the Ohio Supreme Court. (Doc. 7, Exh. 2). Respondent submits that the state court docket sheet does not reflect that petitioner has ever been resentenced by the trial court. (Doc. 7 at 3). Respondent represents that both the state prosecutor and petitioner's counsel have both confirmed that as of the date of the filing of the motion to dismiss, petitioner has not yet been resentenced. (Doc. 7 at 4).

On January 20, 2009, petitioner filed a petition for a writ of habeas corpus alleging four grounds for relief:

> **GROUND ONE:** Pesta was convicted on legally insufficient evidence on each count in that he conspired to commit, but did not attempt to commit, aggravated murder.
>
> **GROUND TWO:** Pesta was convicted on legally insufficient evidence on the attempt to commit aggravated murder of the unborn fetus, in that he did not know nor did he care whether she was pregnant, nor did he pay for the killing of her fetus.
>
> **GROUND THREE:** The Ohio courts have denied Pesta his right to due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution by imposing a sentence in excess of that permitted by law at the time of the commission of his crime, and at the time of his conviction and sentence.
>
> **GROUND FOUR:** The sentence imposed and affirmed by the Ohio Courts violated Pesta's right to equal protection.

(Doc. 1).

## OPINION

An application for a writ of habeas corpus by a state prisoner shall not be granted unless

the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). To fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). *See also Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985). Although the exhaustion requirement is not jurisdictional, there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

If a federal habeas petitioner has not fairly presented his claims through the requisite levels of state appellate review to the state's highest court, but still has an avenue open to him in the state courts by which he may present his federal constitutional claims, his petition may be dismissed without prejudice or administratively stayed pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker,* 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers,* 308 F.3d 647, 652 & n. 1 (6th Cir. 2002); *cf. Rhines v. Weber,* 544 U.S. 269, 276-77 (2005). A "mixed" petition containing both unexhausted claims

3

and claims that have been fairly presented to the state courts is subject to dismissal without prejudice (or administrative stay) on exhaustion grounds. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy's* total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines*, 544 U.S. at 275, some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure. This procedure ensures that habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed without prejudice on exhaustion grounds and the petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers*, 308 F.3d 647, 652 & n. 1 (6th Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 778-81 (6th Cir. 2002).

The discretion of the district court to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's purposes." *Rhines*, 544 U.S. at 276. If employed too frequently, stays have the potential to undermine the AEDPA's objectives of encouraging finality of state judgment by delaying resolution of the federal habeas proceedings and "streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277. The stay and abeyance procedure is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in abusive litigation tactics or intentional

4

delay. *Id.* at 277-78.

In this case, the petition is a "mixed" petition containing both exhausted unexhausted claims. The present record before the Court indicates that petitioner has not exhausted his available state court remedies with respect to two of his grounds for relief. The claims alleged in Grounds Three and Four of the petition relate to the constitutionality of the sentence imposed on petitioner. However, petitioner's original sentence was vacated by the Ohio Court of Appeals and petitioner's case was remanded for resentencing. There is nothing before the Court showing petitioner has been resentenced by the trial court following the Ohio Court of Appeals' remand and, therefore, any claims relating to his sentence remain unexhausted. Any claims relating to the new sentence ultimately imposed on petitioner must first be presented to the Ohio courts before this federal court may address such claims on habeas review.

The Court notes that the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) has not yet begun to run as petitioner's conviction is not yet final.[1] Because the statute of limitations has not commenced running in this case, petitioner "is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies" currently pending in the Ohio courts. *Mingo v. Michigan,* No. 1:06-CV-24, 2006 WL

---

[1]Under § 2244(d)(1)(A), the statute begins to run when the judgment of conviction becomes "final" by the conclusion of direct review or the expiration of time for seeking such review. Moreover, under the tolling provision set forth in § 2244(d)(2), the statute is tolled during the pendency of a properly-filed state post-conviction petition or other collateral review proceeding.

An argument can be made at this point that under § 2244(d)(1)(A), "direct review" concluded for petitioner's other claims alleged in Grounds One and Two of the petition when the ninety-day period expired in which petitioner could have petitioned for a writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's October 24, 2007 order denying leave to appeal with respect to those claims. *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000). Even assuming, arguendo, such argument has merit, the statute-of-limitations has not yet begun to run on those claims, due to the continued pendency of the properly-filed state proceedings on the sentencing error claims alleged in Grounds Three and Four of the petition which have served to toll the running of the limitations period under 28 U.S.C. § 2244(d)(2).

5

151901, at *3 (W.D. Mich. Jan. 18, 2006) (unpublished). Without a showing that a stay of this matter is required to protect petitioner's ability to file a future federal habeas corpus petition, petitioner is unable to demonstrate "good cause" for his failure to first exhaust his state remedies before filing his habeas corpus petition. *See Chewning v. Jackson*, No. 1:06-CV-00220, 2007 WL 544777, at *7-8 (S.D. Ohio Feb. 17, 2007) (Spiegel, J.; Hogan, M.J.). Because the case does not trigger statute of limitations concerns, this mixed petition should be dismissed without prejudice as opposed to administratively stayed. Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state remedies and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED** and the petition (Doc. 1) be dismissed **without prejudice** to refiling after petitioner has exhausted his state court remedies.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that this case should be dismissed without prejudice pending exhaustion of such remedies.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this

---

[2]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/8/10

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JESSE PESTA,  
    Petitioner,

vs.

ERNIE MOORE, WARDEN,  
    Respondent

Civil Action No. 1:09-cv-042

Dlott, J.  
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).